PER CURIAM.
This is an appeal by the defendant City of Key West from an adverse final summary judgment entered below in a declaratory decree action filed by the plaintiffs Marc Friedman and Michael Marrone, Jr., the seller and buyer respectively of a mobile vending business in the City of Key West. The final summary judgment under review precludes the City of Key West from enforcing a provision of its municipal code which prohibits the holder of a mobile vendor license, issued by City of Key West, from transferring the subject license to a third party. We reverse based on the following briefly stated legal analysis.
First, the City of Key West has enacted a comprehensive municipal ordinance [§§ 107.25—107.37, Code of Ordinances, City of Key West, Fla.] regulating mobile vendors who sell food, goods, services, and rentals while operating tcarts and other vehicles on the public roadways of Key West. Such vendors are required to obtain a mobile vendor license and to pay a franchise fee, a processing fee, and a solid waste collection fee if dealing in edibles; a cap of fifty is placed upon the number of such licenses, with license vacancies caused by attrition filled by an annual lottery. The ordinance places limitations upon the location of carts, hours of use, and amount of space occupied; owners must personally conduct the business and may not be absent from the cart or stand more than a certain number of hours per day and days per year; liability insurance is required; and the mobile vendor license is not transferable.
Second, given this extensive regulatory scheme, we conclude that the subject ordinance does not impose an occupational license tax for the privilege of engaging in a business in Key West, § 205.042, Fla.Stat. (1987); instead, it imposes an occupational regulatory fee for the more limited privilege of doing business on the public roadways of Key West, which fee is used to defray the costs of regulating the mobile vendor business in Key West. § 166.221, Fla.Stat. (1987). The license authorized by the ordinance is therefore a business regulatory license and is not an occupational license. This being so, (a) Section 205.043, Florida Statutes (1987), requiring municipalities to allow for the transferability of an occupational license upon a bona fide sale of the business involved is inapplicable to this case; and (b) the provision in the *441 Key West ordinance prohibiting the transferability of mobile vendor licenses is an otherwise valid enactment which is not in conflict with state law. Tamiami Trail Tours, Inc. v. City of Orlando, 120 So.2d 170 (Fla.1960); 1974 Op. Att’y Gen. Fla. 074-21 (January 17, 1974).
The final summary judgment under review is therefore reversed, and the cause is remanded to the trial court with directions to enter a declaratory decree in accord with the views expressed in this opinion.
Reversed and remanded.